IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EOG RESOURCES, INC.                                                                                   PLAINTIFF

v.                                                                      CVIL ACTION NO.  2:07cv156-KS-MTP

JOHN A. ALLEN, WESLEY GRIFFITH,
BELHAVEN PRODUCTION, LLC, and
LITTLE RIVER DRILLING, LLC                                                                    DEFENDANTS

## ORDER DENYING MOTION TO STAY

THIS MATTER is before the court on plaintiff's motion to stay further proceedings [27]. Having considered the motions and the responses, and being fully advised in the premises, the court finds that the motion should be denied.

Plaintiff argues that the instant lawsuit should be stayed pending the outcome of a state court proceeding filed by defendants Belhaven Production, LLC and Little River Drilling, LLC against plaintiff and others, seeking to quiet title to certain oil and gas leases.   Plaintiffs argue that the state court action is integrally related to the instant case, and that resolution of the state court action is necessary for the disposition of this case.

A district court's discretion to grant a stay of a federal proceeding pending the outcome of state proceedings "is 'narrowly circumscribed' by its obligation to hear cases within its jurisdiction." *Amer. Guar. & Liab. Ins. Co.*, 408 F.3d 248, 251 (5th Cir. 2005) (citations omitted).  Thus, a stay of federal proceedings should only be granted if "exceptional circumstances" warrant such an action, and the party seeking the stay has the burden to demonstrate that "exceptional circumstances" exist. *Id*. (citation omitted).  Moreover, the court can only invoke its discretion to stay "where the state and federal proceedings are parallel - *i.e.*, where the two suits involve the same parties and the same issues." *Id.* (citation omitted).  *See*

*also Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir. 1983) ("A stay pending adjudication in another tribunal should not be granted unless that tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed action.").

As defendants point out in their response [29] to the motion, the instant lawsuit involves separate and distinct claims from the state court action.  In the complaint, plaintiff alleges eight causes of action against defendant, all of which are based upon the alleged theft from plaintiff of confidential information used to acquire the leases in question.  Plaintiff seeks monetary damages, as well as a constructive trust on the proceeds from the mineral leases.  A state court ruling as to who owns what interest in the subject property will not necessarily resolve these claims.  The same is true with respect to defendants' counterclaims against plaintiff, all of which are based on the filing of the complaint itself in the instant lawsuit (abuse of process, grossly negligent infliction of emotional distress, intentional infliction of emotional distress and defamation/slander).

Based on the foregoing, the court finds that plaintiff has failed to meet its burden of showing that exceptional circumstances exist to justify this court granting a stay of this action and, accordingly, the motion to stay should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's motion to stay further proceedings [27] is DENIED.

SO ORDERED on this the 2nd day of May, 2008.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge